# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## WILLIAM T. YELTON v. ROBERT WALLER, WARDEN

**Direct Appeal from the Circuit Court for Davidson County**
**No. 3561      William C. Lee, Judge**

---

**No. M2004-02529-CCA-R3-HC - Filed January 17, 2006**

---

Petitioner, William T. Yelton, filed a petition for habeas corpus relief attacking his Bedford County theft of property conviction.  The trial court dismissed the petition without an evidentiary hearing. Petitioner has appealed, and the State has filed a motion pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals to affirm the judgment of the trial court.  Finding the motion to have merit, we grant same and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

William T. Yelton, Nashville, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General, and Pamela Anderson, Assistant District Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

Following a jury trial, Petitioner was found guilty of Class D felony theft, to wit: a horse, in Case No. 12805 in the Circuit Court of Bedford County.  Judgment was entered April 6, 1992. Petitioner received a sentence of six (6) years, which was ordered to be served consecutively to "all other sentences."  Petitioner was also convicted of other offenses.  According to the petition, Petitioner received a total of three (3) six-year sentences and one (1) nine-year sentence, for an effective sentence of twenty-one years.

The present petition attacks only the theft of property conviction in Case No. 12805.  The grounds alleged to support the petition are that (1) the judgment is void because the trial court lacked subject matter jurisdiction; (2) the judgment is void because of a material variance between the proof

and the offense charged in the indictment; and (3) Petitioner is being unlawfully detained on "an expired pardoned sentence and void sentence."

A copy of the indictment and a copy of the judgment are attached to the petition. Each document is valid on its face. Therefore, the trial court had jurisdiction to impose the judgment. After being convicted, Petitioner was transferred to serve the remainder of another sentence in the state of Alabama, and began serving the twenty-one-year Tennessee sentence in May 1998. Accordingly, the record reflects that the total effective sentence has not expired. Furthermore, there is nothing to indicate that Petitioner has been pardoned. The sufficiency of the evidence to support a conviction or an allegation of a material variance between the proof and the offense charged in the indictment, are not matters properly subject to habeas corpus relief. *See State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated section 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only (1) to contest void judgments which are facially invalid because the convicting court was without jurisdiction or authority to sentence a defendant; or (2) if a petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

The petition and accompanying documents fail to allege facts which would show that Petitioner is entitled to relief. Accordingly, the trial court properly summarily dismissed the petition. Petitioner is not entitled to relief in this appeal.

**CONCLUSION**

Based upon the foregoing, it is apparent that the judgment by the trial court was rendered in a proceeding without a jury, the judgment was not a determination of guilt, and the evidence in the record does not preponderate against the findings of the trial court. No error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the State's motion to affirm the trial court judgment pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals is granted, and the judgment is affirmed.

_____
THOMAS T. WOODALL, JUDGE